# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN DANIEL ORR,[1]

    Petitioner,

v.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:17-cv-02908-RFB-EJY

**ORDER**

**I.    Introduction**

Before the Court are Petitioner Steven Orr's ("Orr") amended petition for a writ of habeas corpus, Respondents' Motion to Dismiss, and Orr's Motion for Leave to Amend Petition for Writ of Habeas Corpus. ECF Nos. 6, 1, 46. Orr's Motion for Leave to Amend moots the argument in Respondent's motion that Orr has not exhausted his grounds for relief in state court. The Court rejects Respondents' other arguments in the Motion to Dismiss and denies the motion.

**II.    Procedural History and Legal Background**

The alleged facts of this case are as follows. Orr, Jeda Greene, and Anthony Redmond plotted to rob a bar. Greene gained entry to the bar by pretending to be a customer and ringing the doorbell. Orr followed Greene into the bar with a gun. The bartender, on Orr's orders, gave

---

[1] Petitioner's name also is spelled "Orre" in state-court documents and in one prior action in this court, Case No. 3:02-cv-00405-ECR-RAM.

1

Orr the cash from the cash register. Orr then ordered the bartender, two customers, and Greene to the back room of the bar. The bartender, again on Orr's orders, gave Orr more cash. Orr left the bar, got into a car driven by Redmond, and went away. Soon after the robbery, the police caught Orr and Redmond. Greene confessed, and Orr and Redmond made incriminating statements. Ex. 27, ECF No. 15-2 at 15-19.

Orr originally was charged with one count of burglary while in possession of a firearm, one count of conspiracy to commit robbery, one count of robbery with the use of a deadly weapon, three counts of first-degree kidnaping with the use of a deadly weapon, one count of carrying a concealed weapon, and one count of possession of stolen property. Ex. 27, ECF No. 15-2, at 4-8.

On April 30, 1999, in the Las Vegas Justice Court, Orr waived a preliminary hearing. Ex. 25, ECF No. 14-25. He agreed that the case would be bound over to the Eighth Judicial District Court of the State of Nevada, where he would plead guilty to one count of conspiracy to commit robbery and one count of robbery with the use of a deadly weapon. Id. at 2, ECF No. 14-25, at 3. The prosecution agreed not to oppose an agreement that the sentences would run concurrently with another case. Id.

On May 10, 1999, in the state district court, Case No. 99C158563-1, Orr executed a plea agreement. The written plea agreement stated that the prosecution would not oppose concurrent time with another state district court case, Case No. 98C150664-1, and that the prosecution would not oppose the dismissal of two justice court cases at rendition of sentence. Ex. 30, ECF No. 16-1. Orr pleaded guilty in a hearing that same day. Ex. 32, ECF No. 16-3.

Orr was sentenced on June 23, 1999. Ex. 37, ECF No. 16-8. On July 8, 1999, the state district court entered the judgment of conviction. For the count of conspiracy to commit robbery, the state district court sentenced Orr to prison with a minimum term of 24 months and a maximum term of 60 months. For the count of robbery with the use of a deadly weapon, the state district court sentenced Orr to prison with a minimum term of 72 months and a maximum term of 180 months, plus a consecutive prison sentence with a minimum term of 72 months and a

1  maximum term of 180 months. The sentences for the two counts ran concurrently. Ex. 39, ECF
2  No. 16-10.[2]

3  Orr appealed. He argued that he received ineffective assistance of trial counsel. Ex. 48, ECF No. 17-1. The Nevada Supreme Court dismissed the appeal because a claim of ineffective assistance of trial counsel should be raised in post-conviction proceedings. Ex. 51, ECF No. 17-4.

On April 4, 2005, Orr had a parole hearing on the first of the two consecutive sentences for robbery with the use of a deadly weapon. ECF No. 46-1, at 10. The parole board denied parole on that sentence until its expiration on April 5, 2008. Id. Orr then started serving the second consecutive sentence. On May 27, 2015, Orr had a parole hearing on the second consecutive sentence. Ex. 200 (ECF No. 38-5, at 18). The parole board granted Orr parole, effective August 1, 2015. Id.

On January 26, 2016, Orr was charged with crimes that occurred on or about December 31, 2015: One count of conspiracy to commit burglary, one count of burglary while in possession of a firearm, one count of conspiracy to commit robbery, one count of robbery with the use of a deadly weapon, two counts of assault with a deadly weapon, one count of ownership or possession of firearm by prohibited person, and one count of possession of stolen property. Ex. 185, ECF No. 37-1, at 5-8. On February 9, 2016, in the Eighth Judicial District Court, Case No. C-16-312479-1, Orr agreed to plead guilty to one count of robbery with the use of a deadly weapon. Both parties stipulated to a habitual-criminal sentence with a minimum of 60 months and a maximum of 150 months. Ex. 188, ECF No. 37-4. The state district court entered judgment accordingly on May 3, 2016. Ex. 196, ECF No. 38-1.

On March 1, 2016, the parole board revoked Orr's parole in Case No. 99C158563-1 until the expiration of the sentence. The sentence expired on November 9, 2016.

The sentence in Case No. C-16-312479-1 runs consecutively to the sentence in Case No. 99C158563-1. Nev. Rev. Stat. § 176.035(3). It commenced on November 10, 2016.

---

[2] Later in Case No. 98C150664-1, the state district court imposed a sentence that ran concurrently with the sentences in Case No. 99C158563-1. Ex. 47 (ECF No. 16-18).

3

Orr's habeas claims are based in part on the law governing accrual of credits toward his sentences and the application of those credits toward parole eligibility. At the time, Orr earned 10 days of credit toward his sentence each month for good behavior under section 209.4465(1) of the Nevada Revised Statutes ("NRS"). Nev. Rev. Stat. § 209.4465(1) (1997). Section 209.4465 also stated:

> 7. Credits earned pursuant to this section: . . .
>
> (b) Apply to eligibility for parole unless the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole.

Orr claims that at the plea hearing for his 1999 criminal charges, the prosecution verbally promised that credits would apply toward his parole eligibility.[3] According to Orr, his accrued credits were not applied toward parole eligibility for either of the two consecutive sentences in 99C158563-1.

The Nevada Supreme Court has held that the Nevada Department of Corrections had been interpreting § 209.4465(7)(b) incorrectly during this time period. It first so held in the unpublished decision <u>Vonseydewitz v. LeGrand</u>, 2015 WL 3936827 (Nev. June 24. 2015),[4] and then reaffirmed this holding in the published decision <u>Williams v. State Dep't of Corr.</u> 402 P.3d 1260 (Nev. 2017).

The exception for "a minimum sentence that must be served before a person becomes eligible for parole" applies only to those statutes that explicitly state that a minimum time must be served before becoming eligible for parole.[5] <u>See, e.g.,</u> Nev. Rev. Stat. § 200.030(5) (setting forth the allowable sentences for second-degree murder). For statutes such as robbery, like NRS 200.380, that specify only a minimum term without any mention of parole, credits apply to eligibility for parole. In so deciding, the Nevada Supreme Court clarified in <u>Williams</u> that:

---

[3] No such promise is in the transcript of the waiver of the preliminary hearing. Ex. 25, ECF No. 14-25. Nor is such a promise in the plea hearing. Ex. 32, ECF No. 16-3. Nor is such a promise in the text of the guilty plea agreement. Ex. 30, ECF No. 16-1.

[4] The docket and decision are available at http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=34356 (report generated September 23, 2019).

[5] For example, first-degree kidnaping where no substantial bodily harm occurred has possible sentences of imprisonment for life with parole eligibility beginning after a minimum of 5 years or imprisonment for 15 years with parole eligibility beginning after a minimum of 5 years. Nev. Rev. Stat. § 200.320(2). In Orr's case, the prosecution dropped three counts of first-degree kidnaping with the use of a deadly weapon in exchange for Orr's plea of guilty.

4

> Our interpretation of NRS 209.4465(7)(b) applies only to crimes committed on or between July 17, 1997 (the effective date of NRS 209.4465) and June 30, 2007 (the effective date of NRS 209.4465(8)).[6] Because the application of credits under NRS 209.4465(7)(b) only serves to make an offender eligible for parole earlier, no relief can be afforded where the offender has already expired the sentence, see Johnson v. Dir., Nev. Dep't of Prisons, 105 Nev. 314, 316, 774 P.2d 1047, 1049 (1989) (providing that "any question as to the method of computing" a sentence is rendered moot when the sentence is expired), or appeared before the parole board on the sentence, see Niergarth v. Warden, 105 Nev. 26, 29, 768 P.2d 882, 883-84 (1989) (recognizing no statutory authority or caselaw allowing for retroactive grant of parole).

Williams, 402 P.3d at 1265 n.7.

On September 20, 2016, after the decision in Vonseydewitz and before the decision in Williams, Orr filed a post-conviction habeas corpus petition in the state district court. Ex. 198, ECF No. 38-3. On December 19, 2016, the state district court entered an order dismissing the petition. Ex. 203, ECF No. 38-8. The state district court dismissed the petition as moot because Orr had already appeared before the parole board and his sentence in 99C158563-1 had expired on November 9, 2016. Ex. 203 (ECF No. 38-8). Orr appealed. In his informal brief, he argued that the state district court misconstrued his petition. He argued that he was not challenging the computation of time, but claiming that the prosecution had breached the guilty plea agreement because the prosecutor had made a verbal promise at the entry of his plea that credits would apply toward his minimum terms. Ex. 224, ECF No. 39-16, at 5.[7] The Nevada Court of Appeals held that if Orr was right, then his petition was barred as untimely under Nev. Rev. Stat. § 34.726(1), and as successive under Nev. Rev. Stat. § 34.810. Ex. 229, ECF No. 40-4.

Orr then filed a petition for writ habeas corpus with this Court on March 13, 2018. ECF No. 3. Orr amended the petition on July 5, 2018. ECF No. 6. In the amended petition, Orr asserts the following grounds: 1) breach of contract clause in Article 1, Section 10 of the Constitution, violations of Article 1, § 15 of the Nevada Constitution, and violations of the Fourteenth Amendment by virtue of retroactive application of NRS 209.4465(7)(b); 2) violations of the Fifth, Sixth and Fourteenth Amendments by virtue of retroactive application of NRS 209.4465(7)(b); 3)

---

[6] A 2007 amendment increased the amount to 20 days of credit each month. It also made clear that a person convicted of a category B felony, among other crimes, may not have accrued credits applied toward parole eligibility. Robbery is a category B felony. Nev. Rev. Stat. § 200.380.

[7] Again, no such promise is in the record.

5

violations of the Fourteenth Amendment right to equal protection due to retroactive application of NRS 209.4465(7)(b); 4) violation of the Fourteenth Amendment right to due process-liberty interest, and 5) violation of the Eighth Amendment right to be free from cruel and unusual punishment. Id. Respondents filed their motion to dismiss on February 19, 2019. ECF No. 41. The motion was fully briefed. ECF Nos. 42, 45. Orr moved to amend his petition on July 22, 2019. EC No. 46. This motion was also fully briefed. ECF Nos. 47, 49.

## II.  Exhaustion and the Motion for Leave to Amend

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

Under 28 U.S.C. § 2242, a petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Rule 15(a)(1) of the Federal Rules of Civil Procedure generally allows a party to amend a pleading as of right within 21 days of filing the pleading or after 21 days after serving a responsive pleading or motion under Rule 12. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend rests in the sound discretion of the trial court. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) (citing Outdoor Sys., Inc. v. City of Mesa, 997 F.2d 604, 614 (9th Cir.1993)). "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" DCD Programs,

Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987) (quoting United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)).

Respondents argue that Orr has not exhausted all five grounds for relief in the amended petition because he did not present the same legal theories to the state courts that he presents to this Court. Orr conceded that grounds 3, 4, and 5 of the amended petition are not exhausted, and he withdrew them. ECF No. 42, at 5-6. Orr argued that grounds 1 and 2 are exhausted. ECF No. 42, at 2-5. Orr then filed his motion for leave to amend. The proposed second amended petition raises two grounds. ECF No. 46-1. They match the grounds that Orr raised in his state habeas corpus petition. Ex. 198, ECF No. 38-3. In the interest of facilitating decision on the merits, the Court will allow Orr to file a second amended petition. The Court thus finds the issue of exhaustion moot.

**III.     Timeliness and Procedural Default**

Respondents next argue that the petition is procedurally defaulted and untimely under 28 U.S.C. § 2244(d). Orr responds to the procedural-default argument with an argument that he can demonstrate cause and prejudice. Orr's argument is equally applicable to the issue of timeliness. The Court considers the two issues together.

**A.     The Statute of Limitations**

Petitioners for a writ of habeas corpus stemming from a state court judgment have one year to file their petitions. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of 1) the date the judgment became final on direct review; 2) the date any unlawful impediment to filing a state petition for habeas corpus was removed; 3) the date a constitutional right was recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or 4) the date on which the factual predicate of the claim presented could have been discovered through due diligence. Id. If

7

the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119–20 (2009). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181– 82 (2001).

However, section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418).

Even with statutory tolling under § 2244(d)(2) where allowed, Orr commenced this action long after the one-year period expired. Thus the issue before the Court is whether Orr can demonstrate that equitable tolling is warranted.

**B.    Standard for Procedural Default**

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas

> review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). The grounds for dismissal upon which the Nevada Supreme Court relied in this case are adequate and independent state rules. Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810); Loveland v. Hatcher, 231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); Moran v. McDaniel, 80 F.3d 1261 (9th Cir. 1996) (same).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. Carrier, 477 U.S. at 488.

To show prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Carrier, 477 U.S. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis in original).

**C.    Discussion**

Orr had a parole hearing on April 4, 2005, on the first of the two consecutive sentences. He alleges that he did not think that his parole hearing would have been any earlier, because he had forfeited both accrued credits and the future accrual of some credits in prison disciplinary proceedings back in 1999. ECF No. 42, at 7. After the parole board denied parole to the expiration of the first sentence, he alleges that he asked his prison caseworker about the prosecution's verbal promise that credits would apply toward his parole eligibility. Id. The caseworker told Orr that he was not eligible for credits to apply toward his parole eligibility because he had committed a violent felony. Id. However, if Orr could find the promise in the guilty plea agreement, then he could file a grievance. Id. Orr read the plea agreement, which does not contain any such promise, and he did not pursue the matter further. Id. at 7-8.

The caseworker gave Orr incorrect advice. Section 209.4465(7)(b), as it existed between 1997 and 2007, contained no exception that a person convicted of a violent felony could not have

accrued credits apply toward parole eligibility. If the caseworker had said nothing, then Orr could have filed a prison grievance or pursued post-conviction remedies. Instead, Orr accepted the caseworker's decision until he learned of Vonseydewitz.

Vonseydewitz is an important decision, even though it was not published. Orr learned then that the law required his credits to apply toward parole eligibility, regardless of any verbal promise that the prosecution might have made about credits applying toward parole eligibility.

Respondents note that the Nevada Supreme Court decided Vonseydewitz on June 24, 2015, but that Orr did not file his state habeas corpus petition until September 20, 2016, more than a year after the decision. If the decision was published, then Respondents might have a point that Orr had constructive notice of the decision. However, Vonseydewitz was not a published decision. The Court cannot say that Orr had constructive notice of the decision if he had no way of knowing about the decision at the time. The only way that Orr learned about Vonseydewitz was through the grapevine, by reading a prison newsletter on September 1, 2016. Orr filed his state habeas corpus petition not long after, on September 20, 2016. He did not wait for the published decision in Williams.

The state habeas corpus petition ended with an unexpected decision. Respondents argued that the matter was moot both because Orr already had appeared before the parole board and because petitioner's sentence either had expired or was about to expire. Ex. 200, at 2-3, ECF No. 38-5, at 3-4. The state district court agreed with respondents when it dismissed the petition. Ex. 203, ECF No. 38-8. Neither the Respondents nor the state district court treated the petition as untimely or successive. That occurred only at the very end, when the Nevada Court of Appeals held that the petition was untimely and successive. Ex. 229, ECF No. 40-4. Until then, Orr had no reason to know that his petition was subject to state-law procedural defenses, and by then it was too late for Orr to try to file a protective petition in this Court. See Rudin v. Myles, 781 F.3d 1043 (9th Cir. 2014) (finding that petition was equitably tolled in case where petitioner was misled into believing that her late state court habeas petition was timely filed and her federal limitations period was statutorily tolled).

The Court finds that the misleading information given by the prison caseworker, plus the fact that the only method by which Orr could have learned of <u>Vonseydewitz</u> was by reading a prison newsletter, constitute extraordinary circumstances that entitle Orr to equitable tolling through September 1, 2016. Orr then filed his state habeas corpus petition promptly on September 20, 2016. Orr then had no reason to believe that the state habeas corpus petition would be untimely or successive, until the very end, when the Nevada Court of Appeals ruled that it was. Orr commenced this action about a month after the Nevada Court of Appeals issued its decision. Orr has demonstrated both extraordinary circumstances and diligence, which warrants equitable tolling.

With respect to procedural default, the same circumstances are good cause to excuse the procedural default. Regarding prejudice, if Orr had parole hearings when he should have had them under Nev. Rev. Stat. § 209.4465(7)(b), and if the parole board had granted him parole on the first of the consecutive sentences like it did with the second of the consecutive sentences, then three things would have happened. First, the second sentence would have started earlier than it did. Second, Orr would have been released from prison earlier than he was. Third, the second of the consecutive sentences would have expired earlier than it did. If that sentence would have expired as little as nine months earlier, then Orr would not have been under a sentence of imprisonment when he committed the crimes that led to the conviction in Case No. C-16-312479-1. In turn, that sentence would have commenced upon entry of the judgment of conviction, and it would not have run consecutively to the sentence in Case No. 99C158563-1 under Nev. Rev. Stat. § 176.035(3). Orr thus would be eligible for parole in Case No. C-16-312479-1 earlier, and the sentence in Case No. C-16-312479-1 would expire earlier. Orr thus has demonstrated prejudice to excuse the procedural default.

**IV.     Orr Is Not Alleging Only a Violation Of State Law, and This Action Is Not Moot**

Respondents focus, as they did in state court, upon the computational aspects of Orr's claim. Respondents argue that in Nevada, parole is a matter of purely legislative grace, that retroactive parole in Nevada does not exist, and thus that Orr has not alleged a violation of federal law. It is true that Orr does not have a constitutionally protected liberty interest in being granted

11

parole in Nevada. Moor v. Palmer, 603 F.3d 658, 661–62 (9th Cir. 2010). However, Orr does have a constitutionally protected liberty interest in the execution of his plea agreement. Santobello v. New York, 404 U.S. 257 (1971). Orr alleges that the prosecution verbally promised him that his accrued credits would apply toward his eligibility for parole, and that the prosecution breached the plea agreement by not ensuring that the accrued credits actually did apply toward his eligibility for parole. If true, then Orr has established a constitutional violation.

Nor is this action moot. If the prosecution has breached the plea agreement, then the appropriate relief would be either specific performance of the plea agreement or allowing Orr to withdraw his plea. Santobello, 404 U.S. at 262 – 63. In this case, specific performance of the plea agreement is moot. Orr's sentence has expired. The Court cannot direct Orr to receive a parole hearing, because there is no longer a sentence from which he can be paroled. However, withdrawal of the plea agreement would not be moot. Orr is currently serving a prison sentence that runs consecutive to the sentence at issue in this case. If the Court concludes that the prosecution did breach the plea agreement, and if the Court conditionally grants relief based upon Orr being allowed to withdraw his plea and plead to the original charges, then the current sentence's dates of commencement and expiration might advance.

Of course, all this requires that the prosecution actually made the promises that Orr claims the prosecution made. As the Court has noted above, no such promise appears in the relevant transcripts or in the written plea agreement. If the promise does not exist, then Orr has alleged at most a violation of state law that does not create any constitutionally protected liberty interest. However, that is a question on the merits, which Respondents will need to address in an answer. For the moment, it is sufficient to note that the action is not moot.

**V. CONCLUSION**

**IT IS THEREFORE ORDERED** that Petitioner Steven Orr's motion for leave to amend petition for writ of habeas corpus (ECF No. 46) is GRANTED. The Clerk of the Court shall file the second amended petition, currently in the docket at ECF No. 46-1.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (ECF No. 41) is DENIED.

**IT IS FURTHER ORDERED** that Respondents will have forty-five (45) days from the date of entry of this order to file and serve an answer to the second amended petition, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

DATED: September 24, 2019.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**